### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **CEDRIC GREENE AND** | § | |
| **VALERIE STEPHEN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-2445** |
| | § | |
| **MV TRANSPORTATION,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is *pro se* Plaintiffs Cedric Greene and Valerie Stephen's ("Plaintiffs") Petition for Leave to Proceed and Demand Relief (ECF No. 1), Application to Proceed In Forma Pauperis (ECF No. 2), and Motion to Transfer (ECF No. 8). The Court **RECOMMENDS** Plaintiffs' Petition (ECF No. 1) and Application (ECF No. 2) be **DENIED**, Plaintiffs' Motion to Transfer (ECF No. 8) be **DENIED AS MOOT**, and Plaintiffs' case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). This is because federal courts are courts of limited

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 5).

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal district courts have subject-matter jurisdiction over two types of cases: cases involving a federal question or cases involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). As the federal rules prescribe, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Here, it is clear from Plaintiffs' Petition for Leave to Proceed and Demand Relief (ECF No. 1) that this case should be dismissed. Plaintiffs' filing begins by stating that "the cause of action didn't occur within the boundaries of the venue's geographical area." (*Id.* at 2). Plaintiffs acknowledge that they both live outside of Texas. (*Id.*). In fact, one of the plaintiffs states he is "listed as a bad faith litigant in the Dallas federal venue." (*Id.*). Plaintiffs explain that they intended to pursue this case in Arkansas but that it was transferred to California, where it was ultimately dismissed. (*Id.* at 2, 12). Plaintiffs do not provide information regarding the factual background of their case or their causes of action. Plaintiffs reference the Eighth and Fourteenth Amendments,

but this does not create jurisdiction. *See Presidential Candidate No. P60005535 v. World Intell. Prop. Org.*, No. 9:25-cv-114, 2025 WL 1911409, at *3 (E.D. Tex. June 12, 2025), *report and recommendation adopted*, No. 9:25-cv-114, 2025 WL 1907479 (E.D. Tex. July 10, 2025) ("Plaintiff's listing of federal statutes and constitutional provisions does not, *ipso facto*, create subject matter jurisdiction and there is no basis for diversity as Plaintiff does not plead the citizenship of any of the parties.").

In summary, Plaintiffs' filing fails to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 governing federal question jurisdiction or 28 U.S.C. § 1333 governing diversity of citizenship jurisdiction. As such, this case should be dismissed without prejudice for lack of subject matter jurisdiction. *See Benton v. Texas Dep't of Crim. Just.*, No. 4:24-cv-112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024), *report and recommendation adopted*, No. 4:24-cv-112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) ("The procedure for *sua sponte* dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss and Plaintiff has 14 days to file an objection and explain why his case should be allowed to proceed.").

Finally, because the pleading of a *pro se* plaintiff should be liberally construed and held to less stringent standards, courts sometimes afford *pro se*

3

plaintiffs the opportunity to amend their pleadings to cure any defects. *Anyanwu v. Bank of Am. N.A.*, No. 3:14-cv-2638, 2015 WL 9595416, at *1 (N.D. Tex. Dec. 4, 2015), *report and recommendation adopted*, No. 3:14-cv-2638, 2015 WL 9593625 (N.D. Tex. Dec. 31, 2015). The Fifth Circuit generally recommends the following guidance: if a liberally read complaint suggests the plaintiff has a claim that is merely inadequately or inartfully pleaded, the plaintiff ought to be given at least one chance to reframe. *See Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021). Although a *pro se* complaint generally should not be dismissed without leave to amend, there is an exception if any amendment to the complaint would be futile. *Id.* The Fifth Circuit has interpreted the term "futility" to mean that the complaint as amended would be subject to dismissal. *Chandler v. United States*, 338 F. Supp. 3d 592, 600 (N.D. Tex. 2018). An amendment that fails to cure a lack of subject-matter jurisdiction may be considered futile. *Id.*

Here, the Court lacks subject-matter jurisdiction, and the lack of jurisdiction cannot be cured by an opportunity to amend. *See Presidential Candidate*, 2025 WL 1911409, at *3 (collecting cases); *Isom v. United States Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *report and recommendation adopted sub nom. TYESHA N. ISOM v. DEPARTMENT OF HOMELAND SECURITY, ET AL.*, No. 4:20-cv-948, 2021

WL 2224345 (E.D. Tex. June 2, 2021) (same); *see also Sichanthavong v. Hernandez*, No. 2:22-cv-118, 2022 WL 2718528, at *2 (N.D. Tex. July 13, 2022), *aff'd*, No. 22-10694, 2022 WL 16707988 (5th Cir. Nov. 4, 2022) ("Additionally, the Court finds Plaintiff's claims to be so confusing, ambiguous, redundant, vague, and unintelligible that amendment would be futile." (internal quotations omitted)).  As such, allowing leave to amend would be futile.

Based on the foregoing, the Court **RECOMMENDS** Plaintiffs' Petition for Leave to Proceed and Demand Relief (ECF No. 1) be **DENIED** and the case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  In light of the Court's lack of jurisdiction, the Court **FURTHER RECOMMENDS** Plaintiffs' Application to Proceed In Forma Pauperis (ECF No. 2) be **DENIED** and Plaintiffs' Motion to Transfer (ECF No. 8) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 17, 2026.

_____
Richard W. Bennett
United States Magistrate Judge