United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CEDRIC GREENE AND VALERIE STEPHEN,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-2445** |
| **MV TRANSPORTATION,** | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Plaintiffs Cedric Greene and Valerie Stephen's ("Plaintiffs") Motion for Leave to Appeal In Forma Pauperis ("IFP") (ECF No. 17). For the reasons below, the Court **RECOMMENDS** Plaintiffs' motion (*id.*) be **DENIED**.

## I. Background

On March 25, 2025, Plaintiffs filed a Petition for Leave to Proceed and Demand Relief (ECF No. 1). Plaintiffs' filing begins by stating that "the cause of action didn't occur within the boundaries of the venue's geographical area." (*Id.* at 2). Plaintiffs acknowledge that they both live outside of Texas. (*Id.*). In fact, one of the plaintiffs states he is "listed as a bad faith litigant in the Dallas

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 5).

federal venue." (*Id.*). Plaintiffs explain that they intended to pursue this case in Arkansas but that it was transferred to California, where it was ultimately dismissed. (*Id.* at 2, 12). Plaintiffs do not provide information regarding the factual background of their case or their causes of action.

On April 17, 2026, the Undersigned recommended the case be dismissed without prejudice for lack of subject matter jurisdiction because Plaintiffs' filing fails to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 governing federal question jurisdiction or 28 U.S.C. § 1333 governing diversity of citizenship jurisdiction. (ECF No. 9 at 3). On June 1, 2026, the District Judge adopted the Undersigned's Memorandum and Recommendation. (ECF No. 11). A Final Judgment was entered the same day. (ECF No. 12).

On June 22, 2026, Plaintiffs filed a Notice of Appeal. (ECF No. 13). Plaintiffs have now filed the instant motion to proceed IFP on appeal. (ECF No. 17).

## II. Legal Standard

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed

IFP on appeal must file a motion in the district court.[2] FED. R. APP. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). "Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues." *Marsh v. U.S. Bank, N.A. as Tr. to LaSalle Bank Nat'l Ass'n*, No. 17-cv-00847, 2018 WL 5733193, at *1 (W.D. Tex. Sep. 24, 2018), *report and recommendation adopted*, No. 17-cv-847, 2018 WL 7283277 (W.D. Tex. Nov. 6, 2018) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).

---

[2] The Undersigned notes that Plaintiffs did not proceed IFP in the underlying district court action. Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

## III. Discussion

Plaintiffs' application to proceed IFP on appeal demonstrates that they likely lack the financial resources to prepay the costs of appeal. (ECF No. 17). Plaintiffs state they have no source of income, one of them receives monthly welfare cash benefits and SNAP benefits, and that they have no money in cash or savings. (*Id.* at 1–2). The Court finds these representations are sufficient to suggest financial eligibility for IFP status.

However, financial eligibility alone is insufficient. As discussed above, Plaintiffs must also demonstrate that their appeal is taken in good faith—that is, it at least raises one non-frivolous issue. 28 U.S.C. § 1915(a)(3); *Howard*, 707 F.2d at 220 ("'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'").

Here, Plaintiffs have failed to comply with Federal Rule of Appellate Procedure 24(a)(1), which requires Plaintiffs to attach an affidavit to their motion that "claims an entitlement to redress" and "states the issues that the party intends to present on appeal." However, in Plaintiffs' Notice of Appeal, it states "the Plaintiff's [sic] asked for a venue change of the civil matter for just cause basis, but the Houston Division didn't wish to compromise. That's the basis of the Plaintiff's [sic] appeal request . . . ." (ECF No. 13 at 2).

In light of this, the Court does not believe Plaintiffs' arguments would have merit or impact the outcome of this case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-371, 2021 WL 12301122, at *2 (S.D. Tex. Dec. 20, 2021) (finding an appeal of issues that the Court has no reason to believe have merit or would impact the outcome of the case are frivolous). As such, Plaintiffs have not identified, and the Court cannot discern, any non-frivolous basis to challenge the dismissal. *See Braud v. Cain*, 354 F. App'x 72, 73 (5th Cir. 2009) (dismissing an appeal as frivolous where plaintiff repeats claims that formed the basis of his complaint without identifying a new basis or argument for defendant's liability); *see also Garcia v. Filley*, No. 21-10614, 2022 WL 622332, at *1 (5th Cir. Mar. 3, 2022) ("In his IFP pleadings, Garcia merely repeats his claims that the defendant-judge is corrupt and biased; he does not meaningfully challenge the district court's reasons for the dismissal of his complaint or its certification that his appeal would not be in good faith.").

Accordingly, the Court concludes that Plaintiffs' appeal is not taken in good faith under § 1915(a)(3).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Court certify that Plaintiffs' appeal is not taken in good faith and **DENY** Plaintiffs' motion to proceed IFP on appeal (ECF No. 17). If Plaintiffs wish to

proceed with their appeal, Plaintiffs may either pay the filing fee or submit a motion in the court of appeals pursuant to FED. R. APP. P. 24(a)(5).[3]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 15, 2026.

Richard W. Bennett
United States Magistrate Judge

[3] The Federal Rules of Appellate Procedure and the Fifth Circuit Rules are available on the Fifth Circuit website under the "Rules & Procedures" tab, at https://www.ca5.uscourts.gov/. Plaintiff is encouraged to consult the Rules in advance of future filings.